IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYRONE MARTIN,

    *Petitioner,*

v.

THE ATTORNEY GENERAL OF THE
STATE OF PENNSYLVANIA, *et al.*,

    *Respondents.*

CIVIL ACTION
NO. 15-0694

**PAPPERT, J.**                                                                      February 12, 2018

**MEMORANDUM**

On February 11, 2015, Tyrone Martin filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 30, 2017, Magistrate Judge Strawbridge issued a Report and Recommendation ("R&R") recommending that the petition be denied as untimely. (ECF No. 38.) Martin timely filed objections to the R&R on July 10, 2017. (ECF No. 40.) After thoroughly reviewing the record, Magistrate Judge Strawbridge's R&R and Martin's objections, the Court overrules those objections and adopts the R&R.

I

Martin was convicted by a jury of first-degree murder, robbery, possessing an instrument of crime and carrying a firearm without a license in the Court of Common Pleas of Philadelphia County on December 3, 2003. *Commonwealth v. Martin*, No. 1805 EDA 2013, 2014 WL 10805982, at *1 (Pa. Sup. Ct. Sept. 10, 2014). The court sentenced Martin to a mandatory life sentence for the first-degree murder conviction and an

1

additional term of twelve and one-half to twenty-five years on the remaining counts. *Id.* Martin filed a direct appeal and the Superior Court of Pennsylvania affirmed his conviction on April 19, 2005. *Commonwealth v. Martin*, 876 A.2d 466 (Pa. Super. April 19, 2005). Martin sought review from the Pennsylvania Supreme Court, which denied his petition for allowance of appeal on November 10, 2005. *Commonwealth v. Martin*, 877 A.2d 1240 (Pa. 2005).

Martin filed a timely petition under Pennsylvania's Post Conviction Relief Act ("PCRA") on October 20, 2006, arguing that trial counsel was ineffective for failing to present Tamiko Nelson, his ex-girlfriend and mother of his children, as an alibi witness. *Martin*, 2014 WL 10805982, at *1. The PCRA court appointed Barbara McDermott to represent Martin. After investigating Martin's assertions, including his purported alibi, McDermott sent the court a "no merit" letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988), and moved to withdraw as counsel. (R&R at 3, ECF No. 38.) The court dismissed Martin's petition on February 5, 2008, and he did not appeal. *Martin*, 2014 WL 10805982, at *1.

Martin filed four more PCRA petitions, but never sought to reinstate his appellate rights or suggest that he was unaware that the first petition was denied. On October 20, 2008, Martin filed his second PCRA petition, arguing that McDermott abandoned him and improperly filed the no merit letter. *Id.* On April 15, 2009, the PCRA court dismissed Martin's petition, and he did not appeal. *Id.* On January 7, 2010, he filed a third PCRA petition, which was denied on August 17, 2010. *Id.* Again, Martin did not appeal. On November 8, 2010, he filed a fourth petition seeking a new trial based on after-discovered evidence, and the petition was dismissed on May 17,

2010. *Id.* Martin appealed, but the Pennsylvania Superior Court affirmed on June 20, 2012. *Commonwealth v. Martin*, 53 A.3d 935 (Pa. Super. Ct. 2012). Martin filed his fifth PCRA petition on July 27, 2012, invoking the governmental interference exception to the PCRA time bar, alleging he never received a copy of the order denying him relief during his first PCRA proceeding. *Martin*, 2014 WL 10805982, at *2. This petition was dismissed as untimely on May 21, 2013, and the Superior Court affirmed that decision on September 10, 2014. *Id.* Martin did not appeal.

On February 11, 2015, Martin filed this *pro se* petition for a writ of habeas corpus, (ECF No. 1), which he amended on May 27, 2015. (ECF No. 15.) Martin asserts four claims. First, he contends that PCRA counsel was ineffective for filing the no merit letter and for failing to obtain the alibi testimony of Nelson, which he alleges demonstrates his actual innocence. Second, Martin avers that the prosecutors violated *Brady v. Maryland*, 373 U.S. 83 (1963) by withholding evidence and/or introducing false testimony at his trial. Third, he argues that he did not receive notice of dismissal of his first PCRA petition, and finally, that trial counsel was ineffective for failing to meet with him in person before trial. (ECF No. 15 at 1, 2, 5.) On June 30, 2017, Judge Strawbridge issued his R&R, recommending that Martin's claims for relief be denied because his habeas petition was untimely. (R&R at 1, ECF No. 38.) On July 10, 2017, Martin asserted three objections to the R&R, only one of which is related to the determination that the habeas petition is untimely. Martin argues that the fundamental miscarriage of justice exception applies based on new evidence demonstrating his actual innocence.

II

A

The facts of this case are set forth in detail in Judge Strawbridge's R&R and need not be repeated here. "[F]or the portion of the R&R to which no objection [is] made, the Court reviews the R&R for clear error."[1] *Harris v. Mahally*, No. 14-2879, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016). The Court reviews *de novo* the specific portions of the R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); *see also Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on applications for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] When reviewing those portions of the report to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b) advisory committee notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, therefore, this Court will review [a] Magistrate Judge['s] . . . Report and Recommendation for 'clear error.'"). For the portions of the R&R to which Martin has not objected, no clear error appears on the face of the record and the Court accordingly accepts Judge Strawbridge's recommendation.

> (D) the date on which the factual predicate of the claim or claims presented could be discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Federal courts have equitable authority to toll the one-year statute of limitations by "invok[ing] the miscarriage of justice exception." *McQuiggin v. Perkins*, 569 U.S. 383, 397 (2013). Under this exception, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims…on the merits notwithstanding the existence of a procedural bar to relief." *Id.* at 392. "The fundamental miscarriage of justice exception is narrow," applying "'to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017) (quoting *McQuiggin*, 569 U.S. at 395 (quotation omitted)). "[T]he exception is only available when a petition[er] presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "[W]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citing *Schlup*, 513 U.S. at 324). "All three *Schlup* factors are necessary…to prevail." *Id.* (citing *House v. Bell*, 547 U.S. 518, 636–37 (2006)).

Martin's conviction became final on February 8, 2006. He filed his first PCRA petition on October 20, 2006, 254 days after his final judgment date, tolling the one-year limitations period. (ECF No. 38 at 7.) The PCRA proceeding concluded on March 6, 2008, giving Martin 111 days, or until June 25, 2008 to file his federal habeas petition. Martin did not file that petition until February 11, 2015. (ECF No. 1.) Martin does not argue that he qualifies for an alternative start date of the one-year limitations period under § 2244(d)(1)(A)–(D), and his habeas petition is untimely unless the fundamental miscarriage of justice exception applies.

III

A

Martin contends that new evidence in the form of an affidavit purportedly submitted by Tamiko Nelson demonstrates his actual innocence. In her affidavit, Nelson states that Martin was with her at a surprise 50th birthday party for Martin's mother on the night of the murder for which Martin was convicted. (R&R at 3, ECF No. 38.) As part of her investigation, McDermott spoke with Martin's mother, who thought that Martin was at her party, despite the fact that the party was held a year after Martin was already in custody. (*Id.*) Martin's mother also informed McDermott that she was sure that Nelson was not at the party. (*Id.*)

Nelson's affidavit fails to demonstrate Martin's actual innocence because it is not new, it is unreliable, and is not so probative of Martin's innocence that no reasonable juror would have convicted him. The evidence is not "new" because Nelson's story—that she and Martin were together at a surprise party the night of the murder—was

available but not presented during trial.[2] *See Sistrunk*, 674 F.3d at 189; *see also Teagle v. Diguglielmo*, 336 Fed. App'x 209, 213 (3d Cir. 2009) (concluding that witness statements were not new because "it was available at trial and defense counsel chose not to present it."). The affidavit is also unreliable, having been submitted over five

---

[2] After filing his habeas petition, Martin filed a Rule 60(b) Motion (ECF No. 43) based on: (1) alleged new evidence in the form of Nelson's affidavit; (2) alleged fraud for never having been notified of McDermott's no merit letter; and (3) trial counsel's failure to meet prior to trial. "Rule 60(b) provides litigants with a mechanism by which they may obtain relief from a final judgment 'under a limited set of circumstances[.]'" *Satterfield v. Dist. Attorney Philadelphia*, 872 F.3d 152, 158 (3d Cir. 2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Martin's first claim arises under Rule 60(b)(2), which permits the court to relieve a party of a final judgment based on newly discovered evidence. Fed. R. Civ. P. 60(b)(2). "A party is entitled to a new trial…if [the new] evidence is (1) material and not merely cumulative, (2) could not have been discovered prior to trial through the exercise of reasonable diligence, *and* (3) would probably change the outcome of the trial." *Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995) (emphasis in original). Martin was not reasonably diligent because has "has provided no explanation as to why he could not" locate and acquire Nelson's testimony prior to trial. *Boldini v. Wilson*, 609 F. App'x 721, 724 (3d Cir. 2015); *see also Giordano v. McCartney*, 385 F.2d 154, 156 (3d Cir. 1967) (finding affidavit testimony was not new evidence because "with the exercise of reasonable diligence [the witness] could have been interviewed prior to trial.").

Martin's second claim is governed by Rule 60(b)(3), which permits relief for "fraud[,] misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Martin alleges that PCRA counsel committed fraud by falsely claiming she notified him of the no merit letter. McDermott was appointed by the PCRA court to represent Martin, and thus does not constitute an opposing party within the meaning of Rule 60(b)(3).

Rule 60(b)(6) governs Martin's third claim, which permits relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Martin alleges that a change in decisional law provides a basis for relief under Rule 60(b)(6), citing *Commonwealth v. Brooks*, 839 A.2d 245, 249 (Pa. 2003), which held that trial counsel was ineffective for failing to meet with the defendant in a capital murder prosecution. Martin alleges that trial counsel failed to have any face to face meetings prior to trial. "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections*, 174 F.3d 305, 311 (3d Cir. 1999) (quoting *Agostini v. Felton*, 521 U.S. 203 (1997)). "A decision of the Supreme Court of the United States or a Court of Appeals may provide the extraordinary circumstances for granting Rule 60(b)(6) motion[.]" *Wilson v. Fenton*, 684 F.2d 249, 251 (3d Cir. 1982). Pennsylvania law is not controlling precedent and does not constitute an extraordinary circumstance for relief under Rule 60(b)(6).

Although Pennsylvania law is not controlling precedent, "[w]henever a petitioner bases a Rule 60(b)(6) motion on a change in decisional law, the court should evaluate…all of the equitable circumstances and clearly articulate the reasoning underlying its ultimate determination." *Satterfield*, 872 F.3d at 162; *see also Gonzalez*, 545 U.S. at 535 (noting that "extraordinary circumstances" under Rule 60(b)(6) "will rarely occur in the habeas context."). There is a preference that final judgments not be disturbed, and Martin appears to be using Rule 60(b) as a method of appeal. *See Lasky v. Cont'l Prods. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986). The Rule 60(b) Motion was not filed within a reasonable time of Martin's trial or his first PCRA petition. He had a trial on the merits and filed five unsuccessful PCRA petitions. There are no "intervening equities" which would warrant granting relief, and the Court also denies Martin's Rule 60(b) Motion.

7

years after Martin's conviction. *See Taylor v. Illinois*, 484 U.S. 400, 414 (1988) ("It is…reasonable to presume that there is something suspect about a defense witness who is not identified until after the 11th hour has passed."). Moreover, Nelson's affidavit is insufficient to show that no reasonable juror would have convicted Martin; it fails to satisfy the exacting standard for the fundamental miscarriage of justice exception to apply because it is not so strong as to undermine confidence in the outcome of the trial. *See Coleman*, 845 F.3d at 76. Martin has failed to demonstrate that, in light of Nelson's affidavit, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Coleman*, 845 F.3d at 77 (quoting *McQuiggin*, 569 U.S. at 386); *see also Houck v. Stickman*, 625 F.3d 88, 95 (3d Cir. 2010). "*Schlup* sets a supremely high bar," and Nelson's long after the fact affidavit cannot clear it. *Sistrunk*, 674 F.3d at 192. For this reason, the narrow fundamental miscarriage of justice exception is inapplicable. *See Coleman*, 845 F.3d at 76.

B

Martin's second and third "objections" to the R&R are not really objections at all; they restate claims raised in his habeas petition, and neither addresses Judge Strawbridge's accurate conclusion that the petition is untimely. They are accordingly overruled. *See, e.g.*, *Williams v. Glunt*, No. 15-781, 2016 WL 3476264, at *3 (E.D. Pa. June 27, 2016) (noting that objection based on insufficient evidence "does not excuse [petitioner's] failure to comply with the one-year limitations period. I thus need not reach the merits of his time-barred claim."); *Bland v. Gilmore*, No. 15-6219, 2016 WL 3982315, at *1 (E.D. Pa. July 21, 2016) (overruling petitioner's objections that "do not even address equitable tolling much less present any compelling argument for its

8

application to his habeas petition."); *Alderman v. Chesney*, No. 01-4713, 2002 WL 1478755, at *1 (E.D. Pa. July 9, 2002) (noting objections "are merely a restatement of his claims, as they do not address [the] recommendation that Petitioner's claim is time-barred.").

IV

For the reasons above, the Court adopts the R&R in its entirety, overrules Martin's objections and denies and dismisses Martin's petition. An appropriate order follows.

BY THE COURT:

 */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.